Eddie Charles SALDANA,
Jr., Appellant,

v.

The STATE of Texas, Appellee.

Nos. 09–04–036 CR, 09–04–037 CR.

Court of Appeals of Texas,
Beaumont.

March 30, 2005.

Kevin S. Laine, Beaumont, for appellant.

Eddie Charles Saldana, Beaumont, pro se.

Tom Maness, Criminal Dist. Atty., Wayln G. Thompson, Asst. Criminal Dist. Atty., Beaumont, for state.

Before McKEITHEN, C.J., GAULTNEY, and KREGER, JJ.

## OPINION

CHARLES KREGER, Justice.

Eddie Charles Saldana, Jr. pleaded guilty to two counts of aggravated robbery. The trial court sentenced Saldana to confinement for life on each count, and

ordered the sentences to run concurrently.[1]

After the instant appeal was perfected, appellate counsel filed a brief in compliance with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and *High v. State*, 573 S.W.2d 807 (Tex. Crim.App.1978), concluding there was no arguable error to support an appeal. Saldana filed a pro se brief raising seventeen issues. We have reviewed the record and find we lack jurisdiction over the appeal.

The record reflects Saldana pleaded guilty in exchange for the dismissal of five causes against him, and for the sentences to run concurrently with two other causes. At the time Saldana entered his guilty pleas, the State introduced an "Agreed Punishment Recommendation," signed by the State, Saldana and Saldana's counsel, wherein it was mutually agreed that in consideration for Saldana's guilty pleas to three separate causes, the State would dismiss five other causes against him and further, the State would recommend to the trial court that the sentences in the causes to which Saldana agreed to plead guilty would run concurrently. This constitutes a plea bargain as contemplated by Tex.R.App. P. 25.2(a)(2). See *Wayne v. State*, 756 S.W.2d 724, 728 (Tex.Crim.App. 1988). Therefore, Saldana had a right to appeal only matters raised by written motion filed and ruled on before trial, or with the trial court's permission. See Tex. R.App. P. 25.2(a)(2).

The trial court's certification states this "is not a plea-bargain case, and the defendant has the right to appeal." Despite the trial court's certification, the Rule 25.2 requirements recited in a certification must be true and supported by the record. See *Ajagbe v. State*, 132 S.W.3d 491 (Tex. App.-Houston [1st Dist.] 2004, no pet.); *Waters v. State*, 124 S.W.3d 825, 826(Tex.App.-Houston [14th Dist.] 2003, pet. ref'd).

This was a plea-bargained case; thus the trial court's certification was incorrect. Because the record does not reflect any rulings adverse to Saldana on any pretrial written motions, or that he had the trial court's permission to appeal from a plea bargain, we lack jurisdiction over the appeal.

APPEAL DISMISSED FOR WANT OF JURISDICTION.

---

1. In a single proceeding, the trial court found Saldana guilty of each offense upon the written confession of the defendant and sentenced Saldana in each cause. On appeal, Saldana submitted separate briefs for each cause; the issues brought forward in each case are the same. For purposes of judicial economy, we dispose of all appeals in a single opinion.