In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-04-456 CR


____________________



GODFREY SAXON NOBLES, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the Criminal District Court


Jefferson County, Texas


Trial Cause No. 91937






MEMORANDUM OPINION


 Godfrey Saxon Nobles pleaded guilty to an indictment for the state jail felony
offense of evading detention. See Tex. Pen. Code Ann. § 38.04(b)(1) (Vernon 2003). 
The record reflects Nobles pleaded guilty in exchange for an agreement that his sentence
run concurrently with two other cases in which he also entered guilty pleas. The trial court
convicted Nobles and sentenced him to two years of confinement in a state jail facility.


 Appellate counsel filed a brief that concludes no arguable error is presented in this
appeal. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967),
and High v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978). On April 21, 2005, Nobles
was given an extension of time in which to file a pro se brief. We received no response
from the appellant. On submission of the appeal, we have reviewed the record and find
we lack jurisdiction over the appeal. As we have found no error within our appellate
jurisdiction to resolve, we decline to order appointment of new counsel prior to disposing
of the appeal. Compare Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). 
 A defendant convicted upon a guilty plea pursuant to a plea bargain agreement,
where the punishment assessed does not exceed the agreed punishment recommendation,
may appeal only those matters that were raised by written motion and ruled on before trial
or after obtaining the trial court's permission to appeal. See Tex. Code Crim. Proc.
Ann. art. 44.02 (Vernon 1979); Tex. R. App. P. 25.2(a)(2). The recitations in a
certification must be true and supported by the record for the notice of appeal to invoke
our appellate jurisdiction. Saldana v. State, 161 S.W.3d 763, 764 (Tex. App.-Beaumont
2005, no pet.). The trial court's certification states this "is not in a plea-bargain case, and
the defendant has the right to appeal." At the time Nobles entered his guilty plea,
however, the State introduced an "Agreed Punishment Recommendation," signed by the
prosecutor, defense counsel, and appellant, wherein it was mutually agreed that in
consideration for the guilty plea, the sentence in this case would run concurrently with the
sentences in Cause Nos. 88481 and 90545. (1) This constitutes a plea bargain as
contemplated by Rule 25.2(a)(2). See Saldana, 161 S.W.3d at 764. Therefore, Nobles
had a right to appeal only matters raised by written motion filed and ruled on before trial,
or with the trial court's permission. Id. The record does not reflect the disposition of any
pre-trial motions. 

 This was a plea bargained case; thus the trial court's certification is incorrect. 
Because the record does not reflect any rulings adverse to Nobles on any pre-trial written
motions, and Nobles did not obtain the trial court's permission to appeal, we lack
jurisdiction over the appeal.

 APPEAL DISMISSED.

 _________________________________

 CHARLES KREGER

 Justice


Submitted on October 10, 2005

Opinion Delivered October 26, 2005

Do Not Publish


Before McKeithen, C.J., Kreger and Horton, JJ.
1. The appeals in those cases were dismissed for lack of jurisdiction. See Nobles v.
State, Nos. 09-04-454 CR, 09-04-455 CR, 2004 WL 2827738 (Tex. App.-Beaumont Dec.
8, 2004, no pet.) (Not designated for publication).