In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-04-194 CR


NO. 09-04-195 CR


____________________



EDWARD CHARLES HOLLAND, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the Criminal District Court


Jefferson County, Texas


Trial Cause Nos. 83949 and 88140






 MEMORANDUM OPINION 


 This appeal involves two felony cases that the trial court considered together at plea
and punishment hearings. The appellant brought an appeal in each case. For purposes of
judicial economy, we dispose of the two appeals together. 

 Edward Charles Holland pled guilty to two felony offenses, burglary of a habitation 
and burglary of a building. The trial court sentenced him to twenty years in prison for the
burglary (habitation) offense and to two years in a state jail facility for the burglary
(building) offense. The court ordered the sentences to run concurrently. After Holland's
retained appellate counsel filed Anders briefs in which he concedes there is no arguable error
to present on appeal, (1) Holland filed pro se briefs that each raise two identical issues. Holland
asserts the State denied his right to a speedy trial and that his attorney provided ineffective
assistance of counsel. Because we conclude Holland's cases involve plea bargains that he
cannot appeal, we dismiss his appeals for lack of jurisdiction.

Plea Bargains


 In each case, the State indicted Holland on two counts. In the first case, the charges
were: (1) burglary of a habitation, a second degree felony, and (2) repeat felony offender. 
See Tex. Pen. Code Ann. §§ 12.42(b), 30.02 (a)(3),(c)(2) (Vernon 2003 & Supp. 2005). In
the second case, the charges were: (1) burglary of a building, a state jail felony under Penal
Code section 30.02(c)(1), and (2) repeat felony offender. In each case, the prosecutor,
defense counsel, and Holland signed a document titled "Agreed Punishment
Recommendation." For the first case, the parties "mutually agreed and recommended" to the
court that: (1) prosecution should proceed only on Count 1- burglary of a habitation; and (2)
that the punishment for the first case would run concurrently with the punishment for the
second case. In the second case, the parties mutually agreed that the State would prosecute
Holland only on Count 1, and that the punishment for the second case would run
concurrently with the punishment for the first case. 

 These agreements resulted in Holland's facing a maximum sentence of twenty years
rather than a maximum sentence of ninety-nine years or life. See Tex. Pen. Code Ann. §
12.32 (Vernon 2003) (setting punishment range for first degree felony as life, or for any term
of not more than ninety-nine years or less than five years); id. at §12.33 (setting punishment
range for second degree felony as not more than twenty years or less than two years). Had
the State proceeded on the repeat felony-offender count in the first case, the punishment
established by the Penal Code is a first degree felony rather than a second degree felony. See
Tex. Pen. Code Ann. § 12.42(b) (Vernon Supp. 2005). Thus, Holland's bargains capped
his maximum sentence at twenty years. Further, the trial court assessed punishment that did
not exceed the twenty-year cap agreed to by Holland and the State.

 Here, the agreed punishment recommendations and the agreement to dismiss counts
constitute plea bargains as contemplated by Rule 25.2(a)(2) of the Texas Rules of Appellate
Procedure. See Shankle v. State, 119 S.W.3d 808, 813 (Tex. Crim. App. 2003) ("An
agreement to dismiss a pending charge, or not to bring an available charge, effectively puts
a cap on punishment at the maximum sentence for the charge that is not dismissed.");
Saldana v. State, 161 S.W.3d 763, 764 (Tex. App.- Beaumont 2005, no pet.) (finding that
a plea bargain existed when State and defendant agreed that in return for defendant's guilty
plea, the State would dismiss charges and recommend concurrent sentences to trial court). 

 The trial court's certifications, made pursuant to Rule 25.2, state that these cases are
not plea-bargain cases and that the defendant has the right to appeal. However, we have a
duty to compare the certification with the record before us to determine if the certification
statements are true and supported by the record. See Dears v. State, 154 S.W.3d 610, 614-15
(Tex. Crim. App. 2005); Saldana, 161 S.W.3d at 764. Here, the trial court's certifications
are incorrect and the record does not support the certifications. Thus, the incorrect
certifications do not invoke our appellate jurisdiction. See Saldana, 161 S.W.3d at 764; see
also Waters v. State, 124 S.W.3d 825, 826 (Tex. App.- Houston [14th Dist.] 2003, pet. ref'd).
. A plea-bargaining defendant, such as Holland, may appeal only matters raised by
written motion filed and ruled on before trial, or with the trial court's permission to appeal. 
See Tex. R. App. P. 25.2(a)(2); Griffin v. State, 145 S.W.3d 645, 647-49 (Tex. Crim. App.
2004). While Holland filed two motions for a speedy trial, the record does not show that the
trial court ruled on either. Because the record does not reflect any rulings adverse to Holland
on pretrial written motions, or that he had the trial court's permission to appeal from a plea
bargain, we do not have jurisdiction over his appeals. 



Anders Brief


 After the trial court certified that Holland had the right to appeal, his retained
appellate counsel filed a brief concluding the appellate record presented no error that would
arguably support an appeal. (2)
 See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18
L.Ed.2d 493 (1967), and High v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978). We note
that Holland's sentence is within the punishment range authorized by statute. See Tex. Pen.
Code Ann. § 12.33 (Vernon 2003). Thus, the record reveals no arguable error meriting
further briefing.

 We find that we lack jurisdiction over the appeals and dismiss them.

 APPEALS DISMISSED.

 ____________________________

 HOLLIS HORTON

 Justice



Submitted on February 16, 2006

Opinion Delivered April 19, 2006

Do Not Publish


Before McKeithen, C.J., Kreger and Horton, JJ.
1. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); High v. State, 573
S.W.2d 807 (Tex. Crim. App. 1978).
2. Our obligation to review the record for arguable error applies only in cases where counsel has been
appointed to represent an indigent defendant. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18
L.Ed.2d 493 (1967), and High v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978). However, we are not
prohibited from conducting our own review of the record for arguable error in a case where retained counsel
files a brief conceding there is no error.