In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-06-452 CR


____________________



RYAN CRAIG LANPHAR, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the Criminal District Court


Jefferson County, Texas


Trial Cause No. 95485






MEMORANDUM OPINION


 Appellant Ryan Craig Lanphar pled guilty to the lesser-included offense of robbery
after being indicted for aggravated robbery. The record reflects Lanphar pled guilty in
exchange for an agreement that the State would not seek punishment of more than ten years
of confinement. The trial court convicted Lanphar and sentenced him to six years of
confinement.

 Appellate counsel filed a brief that concludes no arguable error is presented in this
appeal. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); High
v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978). On January 11, 2007, this Court gave
Lanphar an extension of time in which to file a pro se brief. We received no response from
Lanphar. Upon submission of the appeal, we have reviewed the record and find we lack
jurisdiction over the appeal. As we have found no error within our appellate jurisdiction to
resolve, we decline to order appointment of new counsel before disposing of the appeal. 
Compare Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

 A defendant convicted upon a guilty plea pursuant to a plea bargain agreement, when
the punishment assessed does not exceed the agreed punishment recommendation, may
appeal only those matters that were raised by written motion and ruled on before trial or after
obtaining the trial court's permission to appeal. See Tex. Code Crim. Proc. Ann. art. 44.02 
(Vernon 2006); Tex. R. App. P. 25.2(a)(2). To invoke our appellate jurisdiction, the
recitations in a certification must be true and supported by the record. Saldana v. State, 161
S.W.3d 763, 764 (Tex. App.--Beaumont 2005, no pet.). Here, the trial court's certification
states that Lanphar's appeal "is not in a plea-bargain case, and the defendant has the right to
appeal." However, when Lanphar entered his guilty plea, the State introduced an "Agreed
Punishment Recommendation," signed by the prosecutor and defense counsel, wherein the
parties agreed that the State would not seek more than ten years of confinement. This
constitutes a plea bargain as contemplated by Rule 25.2(a)(2). See Shankle v. State, 119
S.W.3d 808, 813 (Tex. Crim. App. 2003) (An agreement to a punishment cap constitutes a
plea bargain.); Tex. R. App. P. 25.2(a)(2). Therefore, Lanphar had a right to appeal only
matters raised by written motion filed and ruled on before trial, or with the trial court's
permission. Saldana, 161 S.W.3d at 764. This was a plea-bargain case; therefore, the trial
court's certification is incorrect. Because the record does not reflect any rulings adverse to
Lanphar on any written pre-trial motions, and Lanphar did not obtain the trial court's
permission to appeal, we lack jurisdiction over this appeal. Accordingly, we dismiss this
appeal for want of jurisdiction.

 APPEAL DISMISSED FOR WANT OF JURISDICTION.



 ______________________________

 STEVE McKEITHEN

 Chief Justice



Submitted on April 6, 2007 

Opinion Delivered April 18, 2007

Do Not Publish


Before McKeithen, C.J., Gaultney and Kreger, JJ.