In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-07-224 CR


____________________



LORENZO SALINAS, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the Criminal District Court


Jefferson County, Texas


Trial Cause No. 97536






MEMORANDUM OPINION



 Appellant Lorenzo Salinas (1) pled guilty to aggravated robbery. The record reflects that
Salinas pled guilty in exchange for the State's agreement to dismiss another pending criminal
case against Salinas. The trial court convicted Salinas and sentenced him to ten years of
confinement.

 Appellate counsel filed a brief that concludes no arguable error is presented in this
appeal. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); High
v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978). On August 9, 2007, this Court gave
Salinas an extension of time in which to file a pro se brief. We received no response from
Salinas. Upon submission of the appeal, we have reviewed the record and find we lack
jurisdiction over the appeal. As we have found no error within our appellate jurisdiction to
resolve, we decline to order appointment of new counsel before disposing of the appeal. 
Compare Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

 A defendant convicted upon a guilty plea pursuant to a plea bargain agreement, when
the punishment assessed does not exceed the agreed punishment recommendation, may
appeal only those matters that were raised by written motion filed and ruled on before trial,
or after obtaining the trial court's permission to appeal. See Tex. Code Crim. Proc. Ann.
art. 44.02 (Vernon 2006); Tex. R. App. P. 25.2(a)(2). To invoke our appellate jurisdiction,
the recitations in a certification must be true and supported by the record. Saldana v. State,
161 S.W.3d 763, 764 (Tex. App.--Beaumont 2005, no pet.). Here, the trial court's
certification states that Salinas's appeal "is not in a plea-bargain case, and the defendant has
the right to appeal." However, when Salinas entered his guilty plea, the State introduced an
"Agreed Punishment Recommendation," signed by the prosecutor and defense counsel,
wherein the parties agreed that the State would dismiss trial cause number 97537 upon
sentencing in this case. This constitutes a plea bargain as contemplated by Rule 25.2(a)(2). 
See Shankle v. State, 119 S.W.3d 808, 813 (Tex. Crim. App. 2003) (State's agreement to
dismiss other charges constitutes a plea bargain.); Tex. R. App. P. 25.2(a)(2). Therefore,
Salinas had a right to appeal only matters raised by written motion filed and ruled on before
trial, or with the trial court's permission. See Saldana, 161 S.W.3d at 764. This was a plea-bargain case; therefore, the trial court's certification is incorrect. Because the record does
not reflect any rulings adverse to Salinas on any written pre-trial motions, and Salinas did not
obtain the trial court's permission to appeal, we lack jurisdiction over this appeal. 
Accordingly, we dismiss this appeal for want of jurisdiction.

 APPEAL DISMISSED FOR WANT OF JURISDICTION.




 

 

 STEVE McKEITHEN

 Chief Justice



Submitted on November 5, 2007

Opinion Delivered November 14, 2007

Do Not Publish


Before McKeithen, C.J., Gaultney and Kreger, JJ.
1. The trial court's judgment lists appellant's name as "Lorenzo A. Salinas."