In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-07-120 CR


____________________



JEFFREY LANGE ROBERTSON, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the Criminal District Court


Jefferson County, Texas


Trial Cause No. 98899






 MEMORANDUM OPINION


 Appellant Jeffrey Lange Robertson pled guilty to felony theft. The record reflects
Robertson pled guilty in exchange for an agreement that the State would not seek punishment
of more than fourteen months of confinement in a state jail facility. The trial court convicted
Robertson and sentenced him to one year of confinement in a state jail facility.

 Appellate counsel filed a brief that concludes no arguable error is presented in this
appeal. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); High
v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978). On May 10, 2007, this Court gave
Robertson an extension of time in which to file a pro se brief. We received no response from
Robertson. Upon submission of the appeal, we have reviewed the record and find we lack
jurisdiction over the appeal. As we have found no error within our appellate jurisdiction to
resolve, we decline to order appointment of new counsel before disposing of the appeal. 
Compare Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

 A defendant convicted upon a guilty plea pursuant to a plea bargain agreement, when
the punishment assessed does not exceed the agreed punishment recommendation, may
appeal only those matters that were raised by written motion and ruled on before trial or after
obtaining the trial court's permission to appeal. See Tex. Code Crim. Proc. Ann. art. 44.02 
(Vernon 2006); Tex. R. App. P. 25.2(a)(2). To invoke our appellate jurisdiction, the
recitations in a certification must be true and supported by the record. Saldana v. State, 161
S.W.3d 763, 764 (Tex. App.-Beaumont 2005, no pet.). Here, the trial court's certification
states that Robertson's appeal "is not in a plea-bargain case, and the defendant has the right
to appeal." However, when Robertson entered his guilty plea, the State introduced an
"Agreed Punishment Recommendation," signed by the prosecutor and defense counsel,
wherein the parties agreed that the State would not seek more than fourteen months of
confinement in a state jail facility. This constitutes a plea bargain as contemplated by Rule
25.2(a)(2). See Shankle v. State, 119 S.W.3d 808, 813 (Tex. Crim. App. 2003) (An
agreement to a punishment cap constitutes a plea bargain.); Tex. R. App. P. 25.2(a)(2). 
Therefore, Robertson had a right to appeal only matters raised by written motion filed and
ruled on before trial, or with the trial court's permission. See Saldana, 161 S.W.3d at 764. 
This was a plea-bargain case; therefore, the trial court's certification is incorrect. Because
the record does not reflect any rulings adverse to Robertson on any written pre-trial motions,
and Robertson did not obtain the trial court's permission to appeal, we lack jurisdiction over
this appeal. Accordingly, we dismiss this appeal for want of jurisdiction.

 APPEAL DISMISSED FOR WANT OF JURISDICTION.


 _________________________________

 HOLLIS HORTON

 Justice 

Submitted on November 5, 2007 

Opinion Delivered November 28, 2007 

Do Not Publish


Before Gaultney, Kreger, and Horton, JJ.