Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio


# MEMORANDUM OPINION

Nos. 04-07-00839-CR, 04-07-00840-CR, & 04-07-00841-CR

Christopher Lee **MORENO**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 399th Judicial District Court, Bexar County, Texas
Trial Court Nos. 2006-CR-5055A, 2006-CR-5056A, & 2006-CR-5057A
Honorable Juanita A. Vasquez-Gardner, Judge Presiding

Opinion by:    Catherine Stone, Justice

Sitting:    Catherine Stone, Justice
            Sandee Bryan Marion, Justice
            Rebecca Simmons, Justice

Delivered and Filed:  July 2, 2008

DISMISSED

Christopher Moreno agreed to plead guilty to three charges of aggravated robbery in exchange for the State's agreement that (1) his three sentences would run concurrently and (2) the State would dismiss a fourth charge of aggravated robbery as well as an evading arrest charge against him.  Moreno pleaded guilty in accordance with the plea agreement, and the trial court sentenced Moreno to 35 years confinement for each offense.  The trial court further ordered Moreno's three sentences to run concurrently.

The trial court subsequently signed certificates of defendant's right to appeal, reflecting that the underlying cases are not "plea-bargain case[s], and the defendant has the right to appeal." After the instant appeals were perfected, Moreno's court-appointed appellate attorney filed a brief in compliance with *Anders v. California*, 386 U.S. 738 (1967), concluding there is no arguable error to support Moreno's appeals. Moreno was afforded an opportunity to file a pro se brief, but no pro se brief has been filed.

We have reviewed the record and determined that the underlying cases are actually plea bargain cases; therefore, the trial court's certifications of defendant's right to appeal are incorrect. At the time Moreno entered his guilty pleas, an agreed punishment recommendation was presented to the trial court that was signed by the State, Moreno, and Moreno's attorney. This document reflected that it was mutually agreed that in consideration for Moreno's guilty pleas to three separate aggravated robbery charges, the State would dismiss two other causes against Moreno and would further recommend that Moreno's three sentences run concurrently. This constitutes a plea bargain within the meaning of Rule 25.2(a)(2) of the Texas Rules of Appellate Procedure. *See Shankle v. State*, 119 S.W.3d 808, 813 (Tex. Crim. App. 2003); *Saldana v. State*, 161 S.W.3d 763, 764 (Tex. App.—Beaumont 2005, no pet.).

Ordinarily, "[i]n a plea bargain case . . . a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, or (B) after getting the trial court's permission to appeal." TEX. R. APP. P. 25.2(a)(2). Although Rule 25.2(a)(2) gave Moreno a limited right to appeal his convictions, the record shows Moreno executed a "Waiver of Appeal" in connection with his plea agreement. This "Waiver of Appeal" provided:

> I understand that upon my plea of guilty or nolo contendere, where the punishment does not exceed that recommended by the prosecutor and agreed to by me, my right to appeal will be limited to only: (1) those matters that were raised by written motion

filed and ruled on before trial, or (2) other matters on which the trial court gives me permission to appeal.  I understand that I have this limited right to appeal. However, as part of my plea bargain agreement in this case, I knowingly and voluntarily waive my right to appeal under (1) and (2) in exchange for the prosecutor's recommendation, provided that the punishment assessed by the court does not exceed our agreement.

As a result of executing the appeal waiver, Moreno waived any right to appeal he may have had under Rule 25.2(a)(2).  Moreno therefore had no right to bring these appeals, and the appeals must be dismissed.

Catherine Stone, Justice

Do Not Publish