In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-08-00127-CR


____________________



RICHARD BEAMON, JR., Appellant



V.



THE STATE OF TEXAS, Appellee


 




On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Cause No. 07-01101 






MEMORANDUM OPINION



 Appellant Richard Beamon, Jr. pled guilty to possession of a controlled substance. 
The record reflects that Beamon pled guilty in exchange for an agreement that provided for
misdemeanor punishment for the state jail felony and a term of confinement of twelve
months in the county jail. The trial court convicted Beamon and sentenced him to twelve
months of confinement in the county jail.

 Appellate counsel filed a brief that concludes no arguable error is presented in this
appeal. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); High
v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978). On October 16, 2008, we gave Beamon
an extension of time in which to file a pro se brief. We received no response from Beamon. 
Upon submission of the appeal, we have reviewed the record and find we lack jurisdiction
over the appeal. As we have found no error within our appellate jurisdiction to resolve, we
decline to order appointment of new counsel before disposing of the appeal. Compare
Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

 A defendant convicted upon a guilty plea pursuant to a plea bargain agreement, when
the punishment assessed does not exceed the agreed punishment recommendation, may
appeal only those matters that were raised by written motion and ruled on before trial or after
obtaining the trial court's permission to appeal. See Tex. Code Crim. Proc. Ann. art. 44.02
(Vernon 2006); Tex. R. App. P. 25.2(a)(2). A reviewing court that has an appellate record
before it must review that record to ascertain whether the certification is defective. Dears
v. State, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005); Odneal v. State, 161 S.W.3d 692, 694
(Tex. App.--Beaumont 2005, pet. ref'd). A certification is defective if it is correct in form
"but which, when compared with the record before the court, proves to be inaccurate."
Dears, 154 S.W.3d at 614. The recitations in a certification must be true and supported by
the record. Saldana v. State, 161 S.W.3d 763, 764 (Tex. App.--Beaumont 2005, no pet.).

 Here, the trial court's certification states that Beamon's appeal "[i]s not a plea bargain
case and the defendant has the right of appeal[.]" However, the record includes an "Agreed
Punishment Recommendation," signed by the prosecutor and defense counsel, wherein the
parties agreed that Beamon would only face misdemeanor punishment for the state jail felony
and a term of confinement of twelve months in the county jail. This constitutes a plea
bargain as contemplated by Rule 25.2(a)(2). See Shankle v. State, 119 S.W.3d 808, 813 (Tex.
Crim. App. 2003) (An agreement to a punishment cap constitutes a plea bargain.); Tex. R.
App. P. 25.2(a)(2). Therefore, Beamon had a right to appeal only matters raised by written
motion filed and ruled on before trial, or with the trial court's permission. See Saldana, 161
S.W.3d at 764. This was a plea-bargain case; therefore, the trial court's certification is
incorrect. Because the record does not reflect any rulings adverse to Beamon on any written
pre-trial motions, and Beamon did not obtain the trial court's permission to appeal, we
dismiss this appeal. See Tex. R. App. P. 25.2(a)(2).

 APPEAL DISMISSED.


 ______________________________

 STEVE McKEITHEN 

 Chief Justice

Submitted on February 11, 2009

Opinion Delivered February 25, 2009

Do Not Publish


Before McKeithen, C.J., Gaultney and Kreger, JJ.