In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-08-00168-CR


____________________



ROBERT E. HENDERSON, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 258th District Court


San Jacinto County, Texas


Trial Cause No. 9466






MEMORANDUM OPINION


 Robert E. Henderson pleaded nolo contendere to the charge of terroristic threat as set
out in the State's indictment. On February 27, 2008, at the conclusion of the punishment
hearing, the trial court, in open court, sentenced Henderson to ten years of confinement in
the Texas Department of Criminal Justice, Correctional Institutions Division. In
consideration of Henderson's plea of nolo contendere, the State agreed to dismiss a second
pending cause, 9467. Also on February 27, 2008, the trial court certified Henderson's right
of appeal for the designated reason that this was "not a plea-bargain case[.]" Henderson's
signature appears on this document, but not that of his trial counsel. A reporter's record was
prepared of both the plea and sentencing proceedings. 

 Thereafter, on March 13, 2008, Henderson gave a statement under oath that he waived
his right to appeal his conviction for terroristic threat, stating he was "not going to appeal"
his conviction and ten year sentence. On March 28, 2008, a motion for new trial, motion in
arrest of judgment, motion for reasonable bail pending appeal, and notice of appeal were
filed on Henderson's behalf by retained counsel. However, on March 31, 2008, the trial
court signed a second certification of Henderson's right of appeal, stating: "I, judge of the
trial court, certify this criminal case that the defendant has voluntarily waived his right to
appeal." Henderson's signature appears on this document along with that of his appointed
trial counsel. On April 18, 2008, this cause was transferred from the 258th District Court to
the 411th District Court in San Jacinto County. On May 12, 2008, Henderson's motion for
new trial was heard in the 411th District Court and was denied by the trial court. Appellate
counsel now brings forward five issues for our consideration. However, as the record
reflects the existence of a negotiated plea of nolo contendere by Henderson, and the existence
of a valid waiver of appeal by Henderson, without subsequent permission of the trial court
to appeal, we must dismiss the appeal for want of jurisdiction. See Chavez v. State, 183
S.W.3d 675, 680 (Tex. Crim. App. 2006); Monreal v. State, 99 S.W.3d 615, 622 (Tex. Crim.
App. 2003).

RIGHT OF APPEAL UNDER THE FEBRUARY 28, 2008 CERTIFICATION


 As noted above, the State announced to the trial court that it was dismissing another
pending criminal action against Henderson in exchange for his plea to the terroristic threat
offense. This is an example of "charge-bargaining" between the State and the defendant.
"Charge-bargaining" relates to plea agreements concerning whether the defendant will plead
guilty to the offense alleged or to some lesser or related offense, or whether the State will
dismiss, or refrain from bringing, other charges. See Shankle v. State, 119 S.W.3d 808, 813
(Tex. Crim. App. 2003). In Shankle, the Court observed that charge-bargaining affects
punishment, and pointed out that an agreement by the State to dismiss a pending charge, or
not to bring an available charge, effectively placed a cap on punishment at the maximum
sentence for the charge not dismissed. Id. 

 A defendant convicted upon a plea of guilty or no contest pursuant to a plea bargain
agreement may appeal only those matters that were raised by written motion and ruled on
before trial or after obtaining the trial court's permission to appeal. See Tex. Code Crim.
Proc. Ann. art. 44.02 (Vernon 2006); Tex. R. App. P. 25.2(a)(2). A reviewing court that has
an appellate record before it must review that record to ascertain whether the certification is
defective. Dears v. State, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005); Odneal v. State, 161
S.W.3d 692, 694 (Tex. App.--Beaumont 2005, pet. ref'd). A certification is defective if it
is correct in form "but which, when compared with the record before the court, proves to be
inaccurate." Dears, 154 S.W.3d at 614. The recitations in a certification must be true and
supported by the record. Saldana v. State, 161 S.W.3d 763, 764 (Tex. App.--Beaumont
2005, no pet.). In the instant case, the first certification, dated February 27, 2008, authorizes
Henderson to appeal because his case did not involve a plea bargain. The record shows
otherwise because, as noted above, Henderson's plea was in exchange for the State's
agreement to dismiss another pending charge in cause number 9467. Therefore, any appeal
by Henderson would be limited to only matters raised by written motion filed and ruled on
before trial, or would be proper if prior permission had been granted by the trial court. See
id. As the record does not reflect the presence of either of these two exceptions, we are
required to dismiss the appeal for lack of jurisdiction. See Chavez, 183 S.W.3d at 680
("[C]ourt of appeals [has] jurisdiction to ascertain whether an appellant who plea-bargained
is permitted to appeal by Rule 25.2(a)(2), [and] must dismiss a prohibited appeal without
further action, regardless of the basis for the appeal").

RIGHT OF APPEAL UNDER THE MARCH 31, 2008 CERTIFICATION


 We interpret the trial court's wording of the March 31, 2008, certification as a
determination that Henderson had no right of appeal because of his voluntary waiver of the
right. See Tex. R. App. P. 25.2(a)(2), (d) app. at 399 ("Certification of Defendant's Right of
Appeal"). A defendant in a noncapital case may waive any of the rights secured him by law. 
Tex. Code Crim. Proc. Ann. art. 1.14(a) (Vernon 2005). The general rule is that a valid
waiver of appeal--one made voluntarily, knowingly, and intelligently--will prevent a
defendant from appealing without the consent of the trial court. See Monreal, 99 S.W.3d at
617, 622. This rule does not depend upon the existence of a plea bargain, and applies to
negotiated and non-negotiated pleas. Id. at 622. The record before us indicates Henderson
had already been sentenced when he expressed his desire to waive appeal of his conviction. 
The circumstances surrounding Henderson's waiver appear to comply with the requirements
for a knowing and intelligent waiver of direct appeal as discussed in Ex parte Reedy, 282
S.W.3d 492, 496-98 (Tex. Crim. App. 2009). Further, Henderson does not assert otherwise,
and nothing appears in the record to indicate the trial court gave Henderson permission to
appeal subsequent to his waiver. 

 In his brief, appellate counsel speculates that Henderson's waiver of appeal and his
direction to trial counsel not to file an application for community supervision on his behalf
can be explained by the fact that Henderson was incompetent to stand trial. Appellate
counsel further contends that because of his incompetence, Henderson "insisted on
preventing his attorney, Travis Kitchens, from advocating for him in a meaningful way." 
Appellate counsel relies on the initial competency evaluation of Henderson following his
arrest as the basis for this theory. 

 However, the record includes two subsequent competency evaluations conducted on
Henderson and a non-evidentiary hearing conducted on December 12, 2007, by the trial
court, during which trial counsel stipulated to Henderson's competency pursuant to
Henderson's request "so we can proceed on and set this for a pretrial hearing and then set it
on a jury docket[.]" Based upon the facts and circumstances presented, we find that the trial
court's March 31, 2008, Rule 25.2(d) certification that states that Henderson waived his right
to appeal is true and is supported by the record. See Dears, 154 S.W.3d at 614-15. 

CONCLUSION


 Because Henderson's no contest plea was the product of a negotiated plea agreement
that was complied with by the State, and because Henderson knowingly, intelligently, and
voluntarily waived his right to appeal after his sentence had been assessed and did not
thereafter secure permission to appeal from the trial court, we must dismiss this appeal for
want of jurisdiction. See Rule 25.2(a)(2); Monreal, 99 S.W.3d at 617, 622. 

 APPEAL DISMISSED FOR WANT OF JURISDICTION. 


 __________________________________

 CHARLES KREGER

 Justice


Submitted on October 23, 2009

Opinion Delivered November 4, 2009

Do not publish


Before Gaultney, Kreger, and Horton, JJ.