**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-24-00101-CR**
_____

**CODY JAMES WYATT, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 435th District Court**
**Montgomery County, Texas**
**Trial Cause No. 22-12-17000-CR**

**MEMORANDUM OPINION**

A grand jury indicted Cody James Wyatt for the second-degree felony offense of aggravated assault with a deadly weapon for allegedly hitting his infant daughter, "Sloane."[1] Wyatt agreed to plead guilty to the third-degree felony offense of injury to a child and elected to have the trial court assess his punishment. The trial court

---

[1]We use a pseudonym to refer to the minor victim. *See* Tex. Const. art. I, § 30(a)(1) (granting crime victims "the right to be treated with fairness and with respect for the victim's dignity and privacy throughout the criminal justice process").

1

sentenced him to seven years of confinement. Wyatt appeals, and in one issue, he challenges the voluntariness of his plea. The State responds that we lack jurisdiction to consider this appeal, and the trial court's certification indicates he can only appeal sentencing. We will dismiss the appeal as discussed below.

## Background

The record before us reveals that a grand jury indicted Wyatt for the second-degree felony offense of aggravated assault with a deadly weapon, and at the time of the plea hearing, this was the pending charge. As reflected in the reporter's record and plea admonishments, Wyatt agreed to plead guilty to the lesser offense of injury to a child, a third-degree felony. *See* Tex. Penal Code Ann. §§ 22.02(b) (aggravated assault as a second-degree felony), 22.04(f) (injury to a child as a third-degree felony). A plea agreement exists in this case that states Wyatt "judicially confesses to committing the offense" of injury to a child with intent "as charged in the indictment or information or as a lesser-included offense to the offense charged in the indictment or information." The plea agreement further provides as follows:

> Defendant agrees to plead guilty to the above specified offense(s), true to enhancement allegations, if any, judicially confess, waive any right to appeal this case. In addition, I waive the preservation of all evidence seized in connection with the arrest and consent to its destruction/forfeiture.

> State agrees to recommend: The Defendant has plead guilty to the above named offense, and has elected to go to the Court for punishment (If any form of community supervision is recommended, the Defendant

2

understands that the Court, without rejecting the plea agreement, has the discretion impose any additional reasonable condition of supervision not listed or prohibited by the plea agreement.).

Wyatt signed the written plea admonishments, which showed that the full punishment range for the offense was two to ten years plus a possible $10,000 fine. *See id.* § 12.34 (outlining punishment range for third-degree felonies). The written admonishments also state that Wyatt elected to have the trial court assess punishment.

Wyatt signed a separate waiver of his right to appeal, which appears under the plea bargain agreement. It says: "Having been informed of whatever right to appeal may exist, and having agreed to waive my right to appeal, and after having consulted with my attorney, I voluntarily, knowingly and intelligently waive my right to appeal excluding sentencing." The trial court and Wyatt signed the "Trial Court's Certification of Defendant's Right to Appeal" form with a box checked stating that this "is not a plea-bargain case, and the defendant has the right of appeal as pertaining to the sentence only."

At sentencing, Wyatt told the trial court that he was admonished on his right to a jury trial and the punishment range of two to ten years for the lesser-included third-degree felony offense of injury to a child. He also represented that despite knowing the full punishment range of up to ten years was possible, he still wished to proceed and waive his right to a jury trial. During the sentencing hearing, the trial

3

court also explained, "This was an open plea to the Court with a sentencing date, that being today, where the Court heard from the parties on the lesser included offense of injury to a child, which was part of the agreement on the open plea -- injury to a child as a 3rd degree felony." The trial court sentenced Wyatt to seven years of confinement.

## Analysis

Texas Code of Criminal Procedure article 44.02 states:

> A defendant in any criminal action has the right of appeal . . ., however, before the defendant who has been convicted upon ... his plea of guilty . . . and the court, upon the election of the defendant, assesses punishment and the punishment does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney may prosecute his appeal, he must have permission of the trial court, except on those matters which have been raised by written motion filed prior to trial. . . .

Tex. Code Crim. Proc. Ann. art. 44.02; *see Harper v. State*, 567 S.W.3d 450, 453 (Tex. App.—Fort Worth 2019, no pet.) (citation omitted). Additionally, Texas Rule of Appellate Procedure 25.2(a)(2) provides in relevant part:

> In a plea bargain case—that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant—a defendant may appeal only:
> (A) those matters that were raised by written motion filed and ruled on before trial,
> (B) after getting the trial court's permission to appeal, or
> (C) where the specific appeal is expressly authorized by statute.

Tex. R. App. P. 25.2(a)(2); *Harper*, 567 S.W.3d at 453 (citation omitted).

With a charge bargain, the State agrees "to forgo prosecution for a pending charge in exchange for a defendant's plea to a lesser offense effectively places a cap on the possible punishment." *Thomas v. State*, 516 S.W.3d 498, 502 (Tex. Crim. App. 2017) (citations omitted). "Where a charge bargain effectively caps the maximum punishment, the court of criminal appeals has held that a charge bargain falls within rule 25.2(a)(2)." *Harper*, 567 S.W.3d at 455 (citing *Shankle v. State*, 119 S.W.3d 808, 813 (Tex. Crim. App. 2003)); *see also Kennedy v. State*, 297 S.W.3d 338, 341 (Tex. Crim. App. 2009) (citations omitted) (noting that an agreement to dismiss a charge or not bring an available charge effectively caps punishment at the maximum sentence for the charge not dismissed). Further, "on appeal, a defendant can challenge the existence of a plea bargain but not the voluntariness of a bargain." *Buck v. State*, 601 S.W.3d 365, 366 (Tex. Crim. App. 2020) (Keller, J., concurring).

The State and Wyatt entered a charge bargain, as he agreed to plead guilty to a lesser-included charge that capped his maximum punishment range at ten years. *See Thomas*, 516 S.W.3d at 502; *Kennedy*, 297 S.W.3d at 341; *Shankle*, 119 S.W.3d at 813; *Harper*, 567 S.W.3d at 455. Although the trial court referenced this as an "open plea" since the precise punishment was not settled, the record shows that by entering a plea to the lesser-included third-degree felony, punishment was capped at ten years. *See Thomas*, 516 S.W.3d at 502; *Kennedy*, 297 S.W.3d at 341; *Shankle*, 119 S.W.3d at 813; *Harper*, 567 S.W.3d at 455. Thus, article 44.02 and rule

25.2(a)(2) apply, and Wyatt must have the trial court's permission to appeal. *See Shankle*, 119 S.W.3d at 813; *Harper*, 567 S.W.3d at 453; *see also* Tex. Code Crim. Proc. Ann. art. 44.02; Tex. R. App. P. 25.2(a)(2). In this appeal, Wyatt likewise cannot challenge the voluntariness of his plea. *See Buck*, 601 S.W.3d at 366.

Having determined that Wyatt's agreement with the State constituted a charge bargain governed by article 44.02 and rule 25.2(a)(2), and after reviewing the record, we conclude that the trial court's certification that this was not a plea bargain case is incorrect. *See Dears v. State*, 154 S.W.3d 610, 614 (Tex. Crim. App. 2005) (holding that a certification is defective if it is correct in form but "when compared with the record before the court, proves to be inaccurate"); *Saldana v. State*, 161 S.W.3d 763, 764 (Tex. App.—Beaumont 2005, no pet.) ("Despite the trial court's certification, the Rule 25.2 requirements recited in a certification must be true and supported by the record."). The trial court's certification could be considered to grant permission to appeal matters related to sentencing and is consistent with the waiver of the right to appeal excluding sentencing that he signed, but the issue Wyatt raised on appeal relates solely to the voluntariness of his guilty plea. Therefore, we find it unnecessary to obtain another certification in this case. *See* Tex. R. App. P. 25.2(a)(2); *see also Dears*, 154 S.W.3d at 615 (explaining that trial court may use Texas Rules of Appellate Procedure 37.1 and 34.5(c) to obtain another certification when

appropriate). Wyatt's punishment did not exceed what he agreed to, the purported appeal does not pertain to any written pretrial motions, and the record does not reflect that Wyatt obtained the trial court's permission to appeal from this charge bargain, except as to his sentence. *See* Tex. R. App. P. 25.2(a)(2); *see also* Tex. Code Crim. Proc. Ann. art. 44.02. In the trial court, Wyatt never asked to withdraw his guilty plea and never claimed that he did not understand the consequences of his plea. He also did not argue that the trial court should have withdrawn his guilty plea and entered a "not guilty" plea on his behalf based on his assertion of innocence.

Since his sole complaint does not address sentencing, we must dismiss this appeal for lack of jurisdiction. *See* Tex. R. App. P. 25.2(a)(2); *see also Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) (en banc) (dismissal required where appellant had no right of appeal because he was sentenced pursuant to a plea bargain and did not satisfy an exception under rule 25.2(a)(2)). Accordingly, we dismiss the appeal.

APPEAL DISMISSED.

W. SCOTT GOLEMON
Chief Justice

Submitted on December 4, 2025
Opinion Delivered February 11, 2026
Do Not Publish

Before Golemon, C.J., Johnson and Wright, JJ.

7